## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **ASPEN MARTIN, AND THE CONJUGAL PARTNERSHIP CONSTITUTED BY GEORGE MARTIN AND ASPEN MARTIN.**<br><br>Plaintiffs,<br><br>v.<br><br>**FLYDINING PR LLC; INSURANCE COMPANY X**<br><br>Defendants. | CIVIL NO. 25-1415<br><br>DAMAGES<br>JURY TRIAL DEMANDED |

## COMPLAINT

**TO THE HONORABLE COURT:**

NOW COMES the Plaintiff, Aspen Martin ("Mrs. Martin") and the conjugal partnership constituted by her and Mr. George Martin, through the undersigned attorney and respectfully alleges and prays as follows:

### I. INTRODUCTION

This is a personal injury action filed by Plaintiff to redress the physical injuries and emotional distress suffered by Plaintiff Aspen Martin, and the suffering Plaintiff endured and is still enduring due to the intentional and/or negligent acts committed by Defendants. The incident occurred in February 2025, during what was meant to be a celebratory trip to Puerto Rico. Plaintiff Aspen Martin was a guest at a "Brunch in the Sky" event operated by the Defendants when the crane suspending the dining platform malfunctioned, causing a safety cable to snap and the platform to violently tilt and swing while high in the air. Due to the gross

1

negligence of the Defendants, Plaintiff Aspen Martin was exposed to a life-threatening situation, resulting in significant physical injury and severe emotional trauma.

## II.    JURISDICTION AND VENUE

1.     Jurisdiction in this case is founded upon 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiffs, who are residents of the state of Georgia, and Defendants, which upon information and belief are corporations registered and with their principal place of business in Puerto Rico.

2.     The amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

3.     Venue of this action in this district is proper pursuant to 28 U.S.C. § 1391, as the events giving rise to this complaint occurred in Puerto Rico.

## III.    REQUEST FOR JURY TRIAL

4.     Plaintiff requests trial by jury.

## IV.    PARTIES

5.     Plaintiff, Aspen Martin, and the conjugal partnership constituted by Plaintiff and Mr. George Martin, is of legal age, married, and a resident of Brunswick, Georgia, with the following address: 214 Wellington Place, Brunswick, Georgia 31523.

6.     Co-Defendant Flydining PR LLC (hereinafter, "FDPR") is upon information and belief, a corporation duly registered and authorized to do business in Puerto Rico under the laws of Puerto Rico, with the following address: 1807 Calle Loiza, SAN JUAN, PR, 00911, an mailing address 5900 Ave. Isla Verde , PMB 164, CAROLINA, PR, 00979. FDPR operates Fly dining or "dinner in the sky" attraction/experience, in San Juan, Puerto Rico. The Resident Agent is Scott Zuckerman with the following address: 208 Calle San Agustín, San Juan, PR 00901.

7.      Co-Defendant Insurance Company XYZ (hereinafter, "XYZ") is upon information and belief, an insurance company duly registered and organized under the laws of the Commonwealth of Puerto Rico. Upon information and belief, FDPR had a liability and/or casualty insurance issued by Insurance Company XYZ at the time of the incident set forth in this complaint, February 23, 2025. The designated office address is: unknown.

## V.      STATEMENT OF CLAIM

8.      In February 2025, Plaintiff Aspen Martin traveled to Puerto Rico with a group of friends to celebrate a birthday.

9.      As part of the celebration, the group booked a "Brunch in the Sky" experience with the Defendants on February 23, 2025, with reservations for approximately 12:00 p.m.

10.     Before the platform was lifted, a worker for the Defendants informed Ms. Martin that the crane had issued a warning indicating a potential malfunction.

11.     Despite this warning, the Defendants' employees proceeded with the event, telling the guests they would "just keep an eye on it" rather than cancelling the ride due to the equipment issue.

12.     Plaintiff Aspen Martin and her party of nine were seated on one side of the dining platform. Three staff members, described as bartenders or servers, were also on the platform.

13.     As the platform was ascending, the safety cable on the crane snapped.

14.     The platform immediately and violently tilted, causing it to swing uncontrollably until it struck the crane's main structure. This caused drinks to fly and widespread panic among the guests.

3

15.     Plaintiff Aspen Martin was terrified, trying to comfort her panicking friends while experiencing her own fear. The entire ordeal, from the cable snapping until they were slowly brought back down, lasted approximately five minutes.

16.     During the incident, two female staff members, who were wearing harnesses, dove to the floor of the platform.

17.     As a direct result of the violent tilting and impact, Plaintiff Aspen Martin suffered whiplash and a shifted disc in her neck and back. She did not feel the full extent of her injuries until the following day.

18.     Even though Plaintiff does not claim on behalf of third parties, she does clarify that another guest in her party sustained a busted nose and received immediate medical attention in Puerto Rico.

19.     Upon returning to Georgia, Ms. Martin sought medical treatment for her injuries. She is currently undergoing treatment at the Jackson Spine and Pain Center with a Dr. Gail, which has included injections in her back. The injury causes her pain when driving for long periods, which forced her to transfer to a school closer to her home.

20.     The traumatic event also re-triggered Ms. Martin's pre-existing Post-Traumatic Stress Disorder (PTSD). This has resulted in the return of nightmares, requiring her to increase her medication. She has had to resume therapy and now sees both a psychiatrist for medication management and a psychologist for therapy sessions every Tuesday.

### VI. FIRST CAUSE OF ACTION IN FAVOR OF PLAINTIFF ASPEN MARTIN

21.     The allegations contained in all previous paragraphs are re-alleged as if fully alleged herein.

22.    Plaintiff Aspen's damages are a direct consequence of Defendant's fault and negligence by:  a. Failing to provide a safe environment for their customers; b. Failing to properly inspect and maintain their equipment, specifically the crane and its safety cables; c. Operating the attraction despite receiving a direct warning of a mechanical malfunction; d. Failing to warn patrons of the known risks associated with the malfunctioning equipment; e. Failing to have adequate safety procedures in place for such an emergency; f. Failing to provide an adequate and immediate response to the incident; g. Causing Plaintiff Aspen Martin to fear for her life, which resulted in severe and ongoing emotional distress, pain, and suffering; h. failure to provide adequate maintenance to the crane and cables; and i. Causing Plaintiff Aspen Martin to incur significant medical expenses and economic hardship due to her physical and psychological injuries.

23.    Defendants' actions and omissions constituted a breach of the duty of care owed to Plaintiff Aspen Martin.

24.    This negligence was the direct and proximate cause of Plaintiff Aspen Martin's injuries and damages.

**VII. SECOND CAUSE OF ACTION – CLAIM AGAINST THE INSURANCE**

25.    The foregoing paragraphs are realleged and reasserted herein.

26.    Upon information or belief, Insurance Company XYZ is the insurance company for Flydining PR LLC.

27.    Co-defendant Insurance Company XYZ is liable for the negligence, fault and legal violations of their insured up to the coverage limit to their benefit. Plaintiff hereby exercises their right to present a direct action against the aforementioned insurance company.

## VIII. DAMAGES

28.    As a direct result of the fault and negligence of the Defendants described herein, Plaintiff Aspen Martin's life was endangered, and she was in fear for her life.

29.    As a direct result of Defendants' fault and negligence, Plaintiff Aspen Martin has suffered and continues to suffer from physical injuries including whiplash and a shifted disc in her neck and back, requiring ongoing medical treatment.

30.    As a direct result of Defendants' fault and negligence, Plaintiff Aspen Martin has suffered and continues to suffer from Post-Traumatic Stress Disorder (PTSD), nightmares, anxiety, depression, and severe emotional distress, requiring ongoing psychiatric and psychological treatment and medication.

31.    As a direct result of the events described herein, Plaintiffs Aspen Martin and George Martin have suffered and continue to suffer damages, including loss of enjoyment of life and, for George Martin, loss of consortium.

32.    As a direct result of Defendants' fault and negligence, Plaintiff Aspen Martin has incurred medical expenses and will continue to incur such expenses in the future.

33.    As a direct result of Defendants' fault and negligence, Plaintiff Aspen Martin has suffered economic damages, including the necessity of changing schools to accommodate her physical limitations.

## IX. RELIEF

34.    Wherefore, Plaintiff prays that this Honorable Court enter judgment in favor of Plaintiff Martin and against Defendants according to the aforementioned averments and order Defendants to pay the amounts herein requested:

a. For Plaintiff Aspen Martin's physical injuries, emotional damages, pain, and suffering, an amount to be determined at trial, but which is estimated to be in excess of $500,000.00.

b.      For Plaintiff Aspen Martin's economic losses and medical expenses, past and future, an amount to exceed $20,000.00.

c.      Provide for the payment of all applicable interests, including prejudgment interest, together with reasonable attorney's fees, litigation expenses and the costs of this action.

d.      Grant Plaintiff Martin such other and further relief as the Court may deem appropriate and proper and retain jurisdiction over this action in order to assure full compliance with any decree issued by this court.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 28th day of July, 2025.

**BELLVER ESPINOSA LAW FIRM**
Condominio San Martín,
1605 Av. Ponce de Leon, Suite #300
San Juan, Puerto Rico 00909
Tel. (787) 946-5268/Fax (787)946-0062

S/Alejandro Bellver Espinosa
Alejandro Bellver Espinosa, Esq.
U.S.D.C. – P.R. 225708
Email: alejandro@bellverlaw.com